IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Deckers Outdoor Corporation,     )
    )
    )
    Plaintiff(s),     )     Case No. 26-CV-108
    )
    )     Honorable Joan B. Gottschall
    v.     )
    )
    )
    )

Aqua Bubble,

    Defendant(s).

## STANDING ORDER IN "SCHEDULE A" CASES

The Clerk has been directed to enter this standing order in all "Schedule A" cases assigned to the undersigned in order to promote the case's just, speedy, and inexpensive resolution.[1]  In an effort to avoid delays and time-consuming motion practice, the attention of counsel is called to the following rulings concerning issues common in Schedule A cases.  A motion or proposed order that does not comport with the following will be rejected unless, if applicable, the accompanying memorandum of law includes a good faith argument for revisiting or modifying the pertinent decision(s).

**1.**     **Personal jurisdiction**.  Regarding the requirements for exercising personal jurisdiction over a non-U.S. defendant in an ordinary Schedule A case, please see *Collectanea J. Ltd. v. Defendants Identified on Sched. A*, 2024 WL 4604532, at *4–6 (N.D. Ill. Oct. 29, 2024); *Unicolors, Inc. v. Shewin Flagship Shops*, 2024 WL 4567268, at *5–9 (N.D. Ill. Oct. 24, 2024) (Gottschall, J.).  Every motion for leave to conduct expedited discovery, motion for temporary restraining order, and motion for preliminary injunction must show that the court likely has

---

1. A copy of this order can also be downloaded from the undersigned's page on the court's website, https://www.ilnd.uscourts.gov/.

personal jurisdiction. Failure to make such a showing will result in denial of the motion without prejudice.

2. **Joinder of numerous defendants**. Counsel should review *Bailie v. Defendants Identified on Schedule A*, --- F. Supp. 3d ---, 2024 WL 2209698 (N.D. Ill. May 15, 2024), regarding the standard for joinder under Federal Rule of Civil Procedure 20(a)(2). Counsel should be prepared to show cause why joinder of numerous defendants in a Schedule A case comports with *Bailie* and Rule 20(a)(2). *See, e.g.*, *Dope ECommerce LLC v. Defs. Identified on Sched. A*, 2024 WL 3549566 (N.D. Ill. Apr. 24, 2024).

3. **Fact-specific analysis of infringement**. Citing to images of the plaintiff's intellectual property and accused products to demonstrate a likelihood of success on the merits of an intellectual property infringement claim, without more, is not helpful and risks delay or denial of a motion. *See, e.g.*, *Unicolors, Inc. v. Shewin Flagship Shops*, 2024 WL 3549568, at *1–2 (N.D. Ill. June 4, 2024). Despite the old saw about a picture being worth a thousand words, the images submitted in a Schedule A case rarely speak for themselves. Counsel are strongly encouraged to include in their briefing a meaningful, case-specific analysis of the likelihood of success on the merits of the infringement claims by listing the claim, the specific law that applies to each element, and a meaningful argument (not just a citation to images) as to why plaintiff(s) believes the accused product infringes one or more intellectual property rights.

4. **Translations of exhibits.** Exhibits written in a foreign language must be filed with an admissible English-language translation. Using Google Translate or a similar service does not suffice. *See ABC Corp. v. Defs. Identified on Sched. A*, 2022 WL 18937941, at *1 (N.D. Ill. Dec. 19, 2022).

5. **A motion for leave to conduct expedited discovery must demonstrate good cause; this means that, among other factors, the court looks to whether the plaintiff(s) has shown a probability of success on the merits.** *See, e.g.*, *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). In such motions, counsel should attempt to provide the court with a basis for assessing this factor.

2

6.      **Notice to third parties before issuance of a temporary restraining order or preliminary injunction.**  Pursuant to Seventh Circuit authority, under Rule 65(d)(2), third parties not named in the complaint (typically, for example, Amazon and eBay) cannot be named as in active concert or participation with the defendant(s) unless their active concert or participation is proven and they receive advance notice and an opportunity to be heard before any such order is entered.  Any proposed order not complying with the cases identified in this paragraph will be rejected.  Please see the following cases: *Lake Shore Asset Management Limited v. C.F.T.C.*, 511 F.3d 762 (7th Cir. 2007); *United States v. Kirschenbaum*, 156 F.3d 784 (7th Cir. 1998); *Pow! Entm't, LLC v. Defs. Identified on Sched. A*, 2020 WL 5076715 (N.D. Ill. Aug. 26, 2020).

7.      **Authorizing service of process by electronic means ordinarily requires a showing of reasonable diligence.**  Under this court's ruling in *Luxottica Group S.p.A. v. Defendants Identified on Schedule A*, 391 F. Supp. 3d 816, 820–21 (N.D. Ill. 2019), a plaintiff in a typical Schedule A case must demonstrate that it exercised reasonable diligence in attempting to identify a defendant's mailing address before service of process by an alternative means, such as e-mail, may be authorized under Fed. R. Civ. P. 4(f)(3).  Ordinarily, a plaintiff demonstrates reasonable diligence by first obtaining discovery from one or more providers of services to the defendant and then demonstrating to the court that any mailing address for defendant obtained in discovery is likely invalid.  This usually occurs at or after the preliminary injunction phase. Requests under Rule 4(f)(3) at the temporary restraining order stage, without a showing of reasonable diligence, will be rejected.

8.      **Scheduling a tentative preliminary injunction hearing**.  The court sets preliminary injunction hearings on Wednesdays and Fridays at 10:30 a.m.  All such hearings will be held by teleconference unless a litigant shows good cause for holding an in-person hearing. Every temporary restraining order must advise the defendant(s) of the date and time of the scheduled hearing as well as the procedure for requesting a hearing or filing a written response to

3

the motion for preliminary injunction.  Accordingly, the final paragraphs of every proposed temporary restraining order must be substantially in the following form:

> This Temporary Restraining Order without notice is entered at 10:30 AM on **[DATE]**, and shall remain in effect for fourteen (14) days.  A preliminary injunction hearing is tentatively set for **[14 days after entry of TRO]**, at 10:30 AM Central Time.  Any motion for preliminary injunction must be filed on or before **[3 business days before the date of the tentative preliminary injunction hearing.  If the preliminary injunction hearing is set on a Wednesday, this deadline must be the preceding Friday.]**  Along with any such motion, plaintiff(s) must file a certificate of service of the temporary restraining order and any order extending it upon defendant(s) in accordance with Federal Rule of Civil Procedure 5.
>
> Any preliminary injunction hearing will be held by teleconference.  Any written response to, or request for a hearing on, the anticipated motion for preliminary injunction must be received by 10:30 AM on **[12 days after entry of TRO.]**  If no written response or request for a hearing is received by the deadline, the tentative preliminary injunction hearing will be stricken (that is, cancelled), and the court will rule on the papers.  A hearing may be requested by sending an email message copying all counsel of record to Chambers_Gottschall@ilnd.uscourts.gov.\

**9.** **An Order extending a temporary restraining order**.  Every order extending a temporary restraining order must include the language in the preceding paragraph (¶ 8).  The certificate of service accompanying any motion for preliminary injunction must demonstrate service of the order extending the temporary restraining order.

10. **Proofreading and drafting in proposed orders.**  Any proposed order with drafting or proofreading errors may be rejected summarily.  *See Pow! Entm't, LLC v. Defs. Identified on Sched. A,* 2020 WL 5076715, at *3 (N.D. Ill. Aug. 26, 2020), *reconsideration denied and subsequent proposed default judgment rejected*, 2020 WL 8455479 (N.D. Ill. Dec. 7, 2020).

Date: January 7, 2026                                        /s/ Joan B. Gottschall
                                                             United States District Judge

4